UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN LEE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-2990** |
| **MARLIN N. GUSMAN, ET AL.** | **SECTION "G"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Melvin Lee, a state pretrial detainee, filed this civil action pursuant to 42 U.S.C. § 1983 against Sheriff Marlin N. Gusman, Mr. Gibson, Ms. Weaver, Bonita J. Pittman, Ms. Fare, and Ms. Steele. In this lawsuit, plaintiff challenges the conditions of his confinement within the Orleans Parish Prison system.

To better understand the factual bases of plaintiff's claims, the Court held a Spears hearing on March 25, 2015. See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed. R. Civ. P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

At that <u>Spears</u> hearing, the Court also ordered defense counsel to submit certified copies of plaintiff's medical and grievance records. Those records have been produced and filed into this federal record,[1] and copies have been provided to plaintiff for his use in this proceeding.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[2] Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

---

[1] Rec. Doc. 12.

[2] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

>       (iii) seeks monetary damages against a defendant who is immune
>       from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted). The United States Supreme Court has explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Broadly construing plaintiff's complaint,[3] and fully considering his Spears hearing testimony, the undersigned finds that plaintiff is asserting the following claims in this lawsuit:

1. The jail is generally in poor condition, with mold being present and the walls crumbling.

2. Plaintiff received inadequate medical care at the jail, with his sick call requests complaining of swollen eyes and hurt neck going unanswered. Because he received no treatment, he had to endure his problems until they simply resolved on their own.

With respect to plaintiff's first claim, it is clear that "the Fourteenth Amendment prohibits the imposition of conditions of confinement on pretrial detainees that constitute punishment." Collins v. Ainsworth, 382 F.3d 529, 540 (5th Cir. 2004) (internal quotation marks omitted). Nevertheless, the jurisprudence recognizes that the judiciary is ill equipped to micro-manage a jail's day-to-day operations, and federal courts are therefore loath to intervene when detainees complain of mere inconveniences. Further, such judicial restraint is appropriate because the federal constitution simply is not concerned with a *de minimis* level of imposition on pretrial detainees. Bell v. Wolfish, 441 U.S. 520, 539 n.21 (1979); Ruiz v. El Paso Processing Center, 299 Fed. App'x 369, 371 (5th Cir. 2008). Plaintiff's complaints of mold and crumbling walls concern inconveniences which do not constitute "punishment" or otherwise rise to the level of constitutional violations. For example, the jurisprudence has repeatedly held that the mere fact that mold is present in a jail does not render an inmate's confinement unconstitutional. See, e.g., Eaton v. Magee, Civ. Action No.

---

[3] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

2:10-cv-112, 2012 WL 2459398, at *5 (S.D. Miss. June 27, 2012) ("Plaintiff's claim that the bathroom and shower area are unsanitary and contain black mold fails to rise to the level of a constitutional violation."); Barnett v. Shaw, No. 3:11-CV-0399, 2011 WL 2200610, at *2 (N.D. Tex. May 18, 2011) (allegation of "excessive amount of black mold in the showers and sinks" was insufficient to raise a claim for constitutional violation), adopted, 2011 WL 2214383 (N.D. Tex. June 7, 2011); Reynolds v. Newcomer, Civ. Action No. 09-1077, 2010 WL 234896, at *10 (W.D. La. Jan. 19, 2010) (plaintiff's complaints of "the presence of black mold in living areas, eating areas, and shower areas" were found to "rise to no more than a *de minimis* level of imposition with which the Constitution is not concerned" (quotation marks omitted)); McCarty v. McGee, No. 2:06cv113, 2008 WL 341643, at *3 (S.D. Miss. Feb. 5, 2008) ("Plaintiff's claim that the shower he was forced to share with other inmates is polluted and covered in mold and fungus, causing him to catch athlete's foot and ringworm, fails to rise to the level of a constitutional violation."). Further, there is no indication that the generally poor conditions of the jail, such as the crumbling walls, result from a punitive motive, rather than from mere negligence. See, e.g., Lee v. Hennigan, 98 Fed. App'x 286 (5th Cir. 2004) (rejecting a claim that defendants violated an inmates "constitutional rights by maintaining unsafe shower facilities," noting that problem did not result from a punitive intent and that "[t]he fact that a detention interfered with a prisoner's desire to live as comfortably as possible does not convert the conditions of confinement into punishment"). Although the deplorable conditions within the Orleans Parish Prison system are a matter of public knowledge and debate, it must be remembered that "[t]he Constitution does not require that prisons be completely sanitized or as clean or free from potential hazards as one's home might be." McAllister v. Strain, Civ. Action

5

No. 09-2823, 2009 WL 5178316, at *3 (E.D. La. Dec. 23, 2009); accord Talib v. Gilley, 138 F.3d 211, 215 (5th Cir. 1998) ("[T]he Constitution does not mandate prisons with comfortable surroundings or commodious conditions."). And while the undersigned is troubled by plaintiff's allegations of the conditions, there is no basis for relief in this case – his allegations, even if true, simply do not rise to a level which would violate the *minimal* standards required by the federal constitution. See, e.g., Young v. Gusman, Civ. Action No. 12-2877, 2013 WL 4648478, at *9-11 (E.D. La. Jan. 23, 2013).

Plaintiff's claim that he received inadequate medical care also fails. It is, of course, true that all inmates, regardless of whether they are pretrial detainees or convicted prisoners, have a right to medical care in jail. However, that right is a limited one which is violated only if the inmates' "serious medical needs" are met with "deliberate indifference" on the part of penal authorities. See Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001); Harris v. Hegmann, 198 F.3d 153, 159 (5th Cir. 1999).

Here, there is no indication that plaintiff had any medical conditions which would qualify as "serious medical needs" for the purposes of federal constitutional law. The United States Fifth Circuit Court of Appeals has explained that "[a] serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." Gobert v. Caldwell, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

On the contrary, plaintiff's medical records reflect that a thorough "Medical Intake Screening" was performed when he entered the jail on May 7, 2014. At that screening, plaintiff stated that he was feeling "OK," "denie[d] all medical problems at this time," and denied a history

of any medical problems. Another comprehensive health assessment was then performed on May 28, 2014, and plaintiff again denied any medical problems or a history of such problems.

Further, plaintiff's medical records reflect that he has submitted only two sick call requests while in jail. The first such request, submitted on July 7, 2014, complained of a "crook or muscle spasm." He was then seen by a nurse practitioner on July 15, 2014, who noted that plaintiff appeared to be in no apparent distress, had no muscle tightness, and had a good range of motion; nevertheless, an analgesic balm was prescribed. The second request, submitted on December 8, 2014, complained of a sore throat. Although the nurse noted that plaintiff was to be referred to the jail doctor, there is no indication that he was actually ever seen by the doctor. Plaintiff submitted no sick call requests complaining of swollen eyes.

In summary, plaintiff's medical records reveal he has complained of only two medical problems while he has been in jail: a muscle spasm and a sore throat. Such complaints concern only minor maladies, not "serious medical needs" for the purposes of constitutional law. See, e.g., Hall v. Holsmith, 340 Fed. App'x 944, 947 (4th Cir. 2009) (complaints of "fever, body aches, sinus congestion, and sore throat" were found not to be "serious medical needs"); Turner v. Kight, 121 Fed. App'x 9, 13 (4th Cir. 2005) ("pain and muscle spasms" were not "serious medical needs"); Scott v. Batson, No. 88-1612, 1989 WL 37292 (9th Cir. Apr. 10, 1989) ("head cold" and "sore throat" were not "serious medical needs"); Harris v. Gusman, Civ. Action No. 12-2659, 2013 WL 1786797, at *2 and *7 (E.D. La. Mar. 8, 2013) ("throat itching, coughing, nose bleeds, headaches and trouble sleeping" were "minor maladies," not "serious medical needs"), adopted, 2013 WL 1786662 (E.D. La. Apr. 23, 2013); Jackson v. Walton, No. 2:01-CV-0417, 2003 WL 22846399, at *2 (N.D. Tex.

Nov. 20, 2003) ("Nothing about plaintiff's initial complaint of fever and a sore throat would indicate a medical emergency or even a serious medical need and it is commonly recognized that doctors can do little about a cold virus."), adopted, 2004 WL 1778943 (N.D. Tex. Aug. 6, 2004). Moreover, the Court notes that there is no indication that even plaintiff himself considered either of the conditions to be serious, in that he submitted no follow-up sick call requests or any grievances at all concerning the lack of medical care.[4] Further, as plaintiff acknowledged at the Spears hearing, both conditions resolved on their own even without medical treatment. Therefore, he has failed to state a nonfrivolous constitutional claim.[5]

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[4]  Plaintiff's grievance records reveal that he submitted numerous grievances; however, not a single one of those grievances concerned his medical care or lack thereof.

[5]  In any event, the Court additionally notes that, at best, plaintiff's allegations state a claim for only negligence or medical malpractice. However, claims of negligence or medical malpractice present issues of state law for state courts, not federal constitutional issues for a federal court. See Estelle v. Gamble, 429 U.S. 97, 107 (1976); Coleman v. Terrebonne Parish Criminal Justice Complex, Civ. Action No. 13-4325, 2013 WL 6004051, at *4 (E.D. La. Nov. 13, 2013).

a failure to object.  28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[6]

New Orleans, Louisiana, this fifth day of May, 2015.

									_____
									**SALLY SHUSHAN**
									**UNITED STATES MAGISTRATE JUDGE**

---

[6]	<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.